IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CHRISTOPHER JARET ELTING, | § |
| Plaintiff, | § § § |
| v. | §  C.A. No. 1:20-cv-030-C |
| MINNESOTA LIFE INSURANCE COMPANY, | § § § |
| Defendant. | § |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant Minnesota Life Insurance Company ("Minnesota Life") files its first amended answer to Plaintiff's ("Plaintiff") Original Petition (the "Complaint"), and respectfully states:

### I.  ANSWER

#### DISCOVERY CONTROL PLAN

1.1   The allegations set forth legal requests to which no answer is required. To the extent that facts are alleged against Minnesota Life, they are denied.

#### PARTIES AND SERVICE

1.2   Minnesota Life admits that Plaintiff is a citizen and resident of the state of Texas; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and they are therefore denied.

1.3   Minnesota Life admits that it is a Minnesota corporation with its principal office and place of business in St. Paul, Minnesota; admits that Minnesota Life does business in Texas; admits that Minnesota Life was served with process; and denies the remaining allegations.

#### JURISDICTION AND VENUE

1.4   Minnesota Life admits that jurisdiction in this Court is proper.

1.5  The allegations set forth legal requests to which no answer is required. To the extent that facts are alleged against Minnesota Life, they are denied.

1.6  The allegations set forth legal conclusions to which no answer is required. To the extent that facts are alleged against Minnesota Life, they are denied.

1.7  The allegations set forth legal conclusions to which no answer is required. To the extent that facts are alleged against Minnesota Life, they are denied.

1.8  The allegations set forth legal conclusions to which no answer is required. To the extent that facts are alleged against Minnesota Life, they are denied.

1.9  Minnesota Life admits that venue is proper in this District and Division.

## FACTUAL ALLEGATIONS

1.10  Minnesota Life admits that it issued Group Accidental Death and Dismemberment ("AD&D") Insurance policy no. 375284-G-US (the "Policy") to Tom Elting ("Insured") effective July 1, 2011; admits Plaintiff is the beneficiary of the Policy; admits, upon information and belief, that the Insured died on July 26, 2016; admits that the Certificate of Death indicated Insured's "Manner of Death" was "Natural" and identified "squamous cell carcinoma of the head and neck, unknown if metastasized" as the immediate cause of death; states that it lacks knowledge or information sufficient to form a belief regarding any amendment to the Certificate of Death; admits that no benefits are payable under the Policy because Plaintiff has failed to demonstrate timely and/or adequate proof of a covered loss under the Policy that is not otherwise limited and/or excluded by the Policy's express language; and denies the remaining allegations.

## DECLARATORY RELIEF

1.11  The allegations set forth legal requests to which no answer is required. To the extent that facts are alleged against Minnesota Life, they are denied.

1.12    The allegations set forth legal conclusions to which no answer is required.  To the extent that facts are alleged against Minnesota Life, they are denied.

1.13    The allegations set forth legal requests to which no answer is required.  To the extent that facts are alleged against Minnesota Life, they are denied.

1.14    The allegations set forth legal requests to which no answer is required.  To the extent that facts are alleged against Minnesota Life, they are denied.

1.15    The allegations set forth legal conclusions to which no answer is required.  To the extent that facts are alleged against Minnesota Life, they are denied.

### DAMAGES

1.16    The allegations set forth legal requests to which no answer is required.  To the extent that facts are alleged against Minnesota Life, they are denied. Minnesota Life denies that Plaintiff is entitled to any of the relief requested in this paragraph or in the Complaint.

### OTHER RELIEF REQUESTED

1.17    The allegations set forth legal requests to which no answer is required.  To the extent that facts are alleged against Minnesota Life, they are denied. Minnesota Life denies that Plaintiff is entitled to any of the relief requested in this paragraph or in the Complaint.

1.18    The allegations set forth legal requests to which no answer is required.  To the extent that facts are alleged against Minnesota Life, they are denied. Minnesota Life denies that Plaintiff is entitled to any of the relief requested in this paragraph or in the Complaint.

### ATTORNEY'S FEES

1.19    The allegations set forth legal requests to which no answer is required.  To the extent that facts are alleged against Minnesota Life, they are denied. Minnesota Life denies that Plaintiff is entitled to any of the relief requested in this paragraph or in the Complaint.

## ALTERNATIVE ALLEGATIONS

1.20 This allegation does not require a response. To the extent one is required, the allegations are denied.

## REQUEST FOR DISCLOSURE

1.21 This request does not require a response, and is improper inasmuch as this case was properly removed to this Court. To the extent one is required, the allegations are denied.

## PRAYER

1.22 Denies that Plaintiff is entitled to any of the relief requested in his Prayer.

1.23 Denies that Plaintiff is entitled to any of the relief requested in the Complaint.

1.24 Denies any and all allegations not specifically admitted.

## II.   AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy one or more conditions precedent under the Policy.

3. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to satisfy the terms and conditions of the Policy for the payment of benefits, including the proof of loss provisions.

4. Plaintiff's claims are barred and/or limited by all applicable exclusions, restrictions, limitations, deductions, and offsets in the Policy.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, unclean hands, unjust enrichment, latches, and/or waiver.

6. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages, if any.

7. Minnesota Life reserves the right to assert additional defenses as discovery progresses in this case.

### III. PRAYER

WHEREFORE, Minnesota Life requests the following relief:

(a) That Plaintiff take nothing by reason of his suit;

(b) That Minnesota Life be dismissed with its costs; and

(c) That Minnesota Life have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Date: February 20, 2020

Respectfully submitted,

By: /s/ Ryan K. McComber
Ryan K. McComber
Texas Bar No. 24041428
Ryan.mccomber@figdav.com
Cameron E. Jean
State Bar No. 24097883
cameron.jean@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
MINNESOTA LIFE INSURANCE COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2020, a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's ECF system.

/s/ Ryan K. McComber
Ryan K. McComber